UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD WILLIAMS JONES,

    Petitioner,

v.                                               Case No. 6:13-cv-1909-Orl-36GJK
                                                              (6:10-cr-293-Orl-36GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), filed by Ronald William Jones. The Government filed a response (Doc. 8) to the section 2255 motion in compliance with this Court's instructions. Petitioner filed a reply and an amended reply to the Government's response (Doc. 9, 13).

Petitioner asserted four claims for relief in his motion. This Court previously denied claims two, three, and four of Petitioner's motion and scheduled an evidentiary hearing on claim one regarding whether counsel erroneously told Petitioner that if he accepted the plea offer, the Government would seek a career offender enhancement, which would result in him receiving a sentence of 12.5 to fifteen years. (Doc. No. 14 at 10-12). On April 14, 2016, an evidentiary hearing was conducted on claim one. *See* Doc. No. 26. As discussed hereinafter and for the reasons stated in open-court, Petitioner's 28 U.S.C. § 2255 motion is **DENIED**.

I. PROCEDURAL HISTORY

Petitioner was charged by indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count one); possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (count two); distribution and possession with intent to distribute five or more grams of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (count three); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count four) (Criminal Case No. 6:10-cr-293-Orl-36GJK, Doc. 1).[1] A jury found Petitioner guilty as charged.  *See* Criminal Case Doc. 63.

The Court sentenced Petitioner to ninety-two month terms of imprisonment for counts one and three, to a concurrent sixty-month term of imprisonment for count two, and to a consecutive sixty-month term of imprisonment for count four for a total term of imprisonment of 152-months.  *Id*. at Doc. 76.  Petitioner appealed.  The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences but remanded for correction of the judgment as to count four.  *Id.* at Doc. 95.

II. LEGAL STANDARD

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on

---

[1] Criminal Case No. 6:10-cr-293-Orl-36GJK will be referred to as "Criminal Case."

the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

3

of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   ANALYSIS

Petitioner asserts that counsel rendered ineffective assistance by providing erroneous legal advice which resulted in him rejecting a plea offer. *See* Doc. Nos. 1 at 4, 2 at 3-7. Petitioner asserted various arguments in support of claim one, which the Court previously found to be without merit pursuant to *Strickland*. (Doc. 14 at 4-10). Petitioner's remaining contention is that he rejected a plea offer, whereby he would have pleaded guilty to counts one, two, and three, because Federal Public Defender Stephen Langs ("Langs") erroneously told him that if he accepted the plea offer, the Government would seek a career offender enhancement and he would receive a sentence of 12.5 to fifteen years.

The Sixth Amendment right to effective assistance of counsel extends to plea negotiations. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012*)*. Furthermore, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler*, 132 S. Ct. at 1387. The two-part test enunciated in *Strickland* applies to claims that counsel was ineffective during plea negotiations. *Lafler*, 132 S. Ct. at 1384 (applying *Strickland's* two-part test to federal habeas petitioner's claim that counsel was ineffective for advising him to reject a plea offer);

4

*Hill v. Lockhart*, 474 U.S. 52, 48 (1985) (applying *Strickland's* two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel).

With respect to the prejudice inquiry in the context of a foregone guilty plea, the defendant must demonstrate that "but for the ineffective advice of counsel there is a reasonable probability [1] that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385.

As noted in the Court's prior Order, Petitioner rejected a plea offer, proceeded to trial, and was found guilty of all four charges. (Doc. 14 at 6). At sentencing, Petitioner's guideline range was determined to be 92 to 115 months based on a criminal history category of IV and offense level of 26, plus a 60-month minimum mandatory consecutive five-year term for count four. (Criminal Case Doc. 91 at 5.) No career offender enhancement was applied. *See* Presentence Investigation Report ("PSR") at 8.

On January 17, 2012, at a status conference, Langs advised the Court that Petitioner was not ready for trial because he was waiting on the Government's response to a plea proposal made by Langs with Petitioner's approval. (Criminal Case Doc. 85 at 2). Langs also noted that a career offender enhancement may be applicable that would impact

5

Petitioner's sentence exposure, and as a result, Petitioner was challenging a state conviction at that time. *Id.* at 3. The following day Langs responded to an email from the AUSA indicating that he had spoken with Petitioner who was willing to continue the case to March 2012 in order to allow the AUSA to get approval for a plea agreement whereby Petitioner would plead guilty to counts one through three in exchange for the Government dismissing count four. (Doc. 8-4 at 2). On February 6, 2012, the AUSA sent Langs a plea agreement which required Petitioner to plead guilty to counts one through three in exchange for the dismissal of count four. (Doc. 8-5 at 2-21). Petitioner rejected the plea, and trial commenced on March 13, 2012.

> In ordering an evidentiary hearing on claim one, the Court noted:
>
> Had Petitioner entered a plea of guilty pursuant to the plea offer and had his criminal history category and offense level remained the same as determined at sentencing, IV and 26 respectively, his guideline range after a three level reduction for acceptance of responsibility would have been 70 to 87 months. Furthermore, count four would have been dismissed, and there would have been no five-year minimum mandatory consecutive sentence. As noted previously, no career offender enhancement was applied. Consequently, if Langs advised Petitioner that he *would* be enhanced as a career offender and *would* receive a sentence of 12.5 years to 15 years under the plea agreement, then such advice was erroneous.

(Doc. 14 at 10-11) (emphasis in original).

At the evidentiary hearing, Petitioner testified that Langs discussed with him whether Petitioner would be sentenced as a career offender if he accepted the plea offer. Petitioner said that Langs told him that his two prior convictions for marijuana would qualify him for a career offender enhancement. Petitioner admitted that he in fact had two prior drug

6

convictions and that he had acknowledged this to Langs. According to Petitioner, Langs told him that it was guaranteed that probation would find him to be a career offender.

Petitioner further testified that Langs advised him that his guideline range with the career offender enhancement would be 12.5 to 15-years and that he would receive a sentence in that range. Petitioner said that he did not know that the undersigned had discretion not to apply a career offender enhancement or that if he did not receive a career offender enhancement, that his sentence could be 70 to 87 months under the plea offer. Petitioner further indicated that Langs was adamant that Petitioner could not be convicted of count four if he proceeded to trial. Petitioner testified that Langs' advice impacted his decision to proceed to trial.

Langs testified that he has been a Federal Public Defender ("FPD") since 2001. Langs said that he met and spoke with Petitioner multiple times during the course of his criminal proceeding. Langs indicated that during plea discussions with the AUSA conducted with Petitioner's approval, they discussed whether Petitioner might qualify for a career offender enhancement.

Langs knew that Petitioner had a prior conviction from 2008 for possession of marijuana with intent to distribute that constituted a predicate offense for career offender purposes. As a result of his own investigation, Langs subsequently learned that Petitioner had another qualifying conviction from 2007 for possession of marijuana with intent to distribute. Langs testified that consequently he sought a plea agreement whereby Petitioner

would not have to plead guilty to count four because if Petitioner qualified as a career offender, his guideline range for that count would be 22 to 27 years.

In contrast to Petitioner's testimony, Langs said he told Petitioner that although he qualified for a career offender enhancement because of his prior convictions, there was no guarantee Petitioner would actually receive a career offender enhancement. Instead, Langs said he told Petitioner only that he might receive a career offender enhancement. Langs denied ever advising Petitioner that he would be sentenced as a career offender or promising Petitioner a specific result. Langs further denied ever advising Petitioner that he would not be convicted of count four if he proceeded to trial.

Langs also indicated he told Petitioner that they would not get a Presentence Investigation Report ("PSR") prior to him entering the plea, that he did not know how probation would score Petitioner, and that it was up to the probation officer to recommend whether Petitioner qualified to be a career offender. Langs testified that he advised Petitioner that the sentencing guidelines are advisory and that the judge could always impose a sentence higher or lower than the guideline range.

According to Langs, he told Petitioner that in his opinion the plea agreement was a good option, but it would prevent him from seeking a downward variance. Langs further said that he explained to Petitioner that if he proceeded to trial, was convicted as charged, and determined to qualify for a career offender enhancement, his guideline range on count four would be 30 years to life in prison. Langs testified that Petitioner understood the plea

8

agreement and did not like the provision prohibiting him from seeking a downward variance or the appeal-waiver provision. Langs said that Petitioner made the decision to reject the plea offer.

Langs noted that for unknown reasons the probation officer failed to count or score Petitioner's 2007 conviction for possession of marijuana with intent to distribute in the PSR. Langs opined that the probation officer's omission inured to Petitioner's benefit because he was not given a career offender enhancement even though he legally qualified for one.

Assessing the credibility of witnesses is reserved for the Court. *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 (11th Cir. 1988) ("Assessing the weight of evidence and credibility of witnesses is reserved for the trier of fact."). "'[T]o adequately determine the credibility of a witness . . . the fact finder must observe the witness.'" *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010) (quoting *Louis v. Blackburn,* 630 F.2d 1105, 1110 (5th Cir. 1980)). "A proper credibility determination. . . includes [consideration of] 'the internal consistency of the [witness's] testimony, or his candor or demeanor on the stand.'" *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quoting *Gallego v. United States,* 174 F.3d 1196, 1198 (11th Cir. 1999)).

After carefully considering the evidence and viewing the witnesses and their demeanor while testifying, the Court finds the testimony of Langs more credible than the testimony of Petitioner. The Court notes that prior to the evidentiary hearing, Petitioner failed to disclose that Langs had advised Petitioner that he had two prior convictions that

9

qualified him for a career offender enhancement. Petitioner acknowledged at the evidentiary hearing that he had admitted to Langs that he in fact had those prior convictions. Petitioner also failed to mention before the hearing that he knew that one of those prior convictions had been omitted from the sentencing calculation in the PSR. Consequently, it appeared from Petitioner's pre-hearing allegations that Langs had in fact provided erroneous advice to Petitioner by advising him that he qualified for a career offender enhancement. Of course, such was not the case because Petitioner actually had the requisite convictions to qualify him for a career offender enhancement and would have been scored accordingly absent a mistake by the probation office.

Petitioner's testimony that Langs unequivocally advised him that he would receive a career offender enhancement and would not be convicted of count four if he went to trial is wholly not credible. At the time Langs represented Petitioner, he had been practicing as a FPD for more than ten years. Langs had represented multiple defendants during that time and clearly understood the sentencing guidelines and the non-predictable nature of juries. The Court cannot credit that Langs would ever couch his advice or legal opinions in terms of absolutes, guarantees, or promises. Instead, the Court finds Langs' testimony credible that he only advised Petitioner about his assessment of Petitioner's potential sentences under various scenarios, including if Petitioner entered the plea or proceeded to trial and qualified as a career offender.

Langs correctly advised Petitioner that he had the requisite predicate convictions to

qualify him for a career offender enhancement. Langs in fact expended time and effort to investigate Petitioner's criminal history and to estimate Petitioner's sentencing liability prior to advising him regarding the plea offer. Langs, therefore, did not render deficient performance by advising Petitioner about his potential sentence exposure as a career offender, which would have been 12.5 to 15 years absent probation's omission of the 2007 conviction.

Furthermore, Petitioner has not demonstrated prejudice. At the time the plea offer was made, Langs correctly advised Petitioner that he qualified as a career offender and could be sentenced to 12.5 to 15 years. Petitioner clearly was not willing to accept a plea offer that exposed him to such a sentence. In fact, Petitioner states that he "absolutely would have accepted the plea if he knew that he was only going to receive 6 – 8 years." (Doc. 9 at 4). But for the omission of the 2007 conviction, which could not have been foreseen by Langs when he was advising Petitioner about the plea offer, the probability of Petitioner receiving a sentence of six to eight years under the plea agreement was virtually zero. In sum, Petitioner has neither established that Langs was deficient regarding the advice he gave Petitioner concerning the plea offer or his potential sentence nor has Petitioner demonstrated that he was prejudiced as a result of Lang's advice. Therefore, claim one is denied.

Any of Petitioner's allegations that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.  Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.  The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:10-cr-293-Orl-36GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 101) pending in that case.

4.  This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 20th day of April, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 4/18
Ronald William Jones
Counsel of Record

---

[2] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).

12